IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JOSHUA RYAN BURRIS and <br> WILIFRIDO SALDANA-CASTILLEJOS, <br><br> Plaintiffs, <br><br> v. <br><br> JOHN KERRY, *Secretary of State*, <br> IAN BROWNLEE, *Consul General of the United States, City of Ciudad Juarez, Mexico*, <br> NAME UNKNOWN, *United States Consular Official, in his official and individual capacities*, and <br> THE UNITED STATES OF AMERICA, <br><br> Defendants. | § § § § § § § § § § § § § § § § § § | Case No. 4:12-CV-728 |

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT
FOR LACK OF SUBJECT MATTER JURISDICTION**

The following are pending before the court:

1. Defendants' motion to dismiss for lack of subject matter jurisdiction (docket entry# 18); and

2. Plaintiffs' response to motion to dismiss (docket entry # 19).

_____

1. Defendants' motion to dismiss Plaintiffs' first amended complaint for lack of subject matter jurisdiction (docket entry #21); and

2. Plaintiffs' response to Defendants' motion to dismiss Plaintiffs' first amended complaint for lack of subject matter jurisdiction (docket entry #22).

Having considered the Defendants' motion to dismiss the Plaintiffs' first amended complaint for lack of subject matter jurisdiction and the responsive briefing thereto, the court finds the motion should

be granted.

## Procedural History

Plaintiff Joshua Burris ("Burris") filed his original complaint on November 20, 2012. The Defendants moved to dismiss the Plaintiff's complaint on June 3, 2013. However, on June 24, 2013, the Plaintiffs filed an amended complaint. The court notes that the Defendants' motion to dismiss is directed to the Plaintiff's original complaint. Since the Plaintiffs have now filed a first amended complaint, the Defendants' motion to dismiss (docket entry #18) should be, and is hereby, **DENIED AS MOOT**.

The Defendants subsequently filed a motion to dismiss the Plaintiffs' first amended complaint for lack of subject matter jurisdiction to which the Plaintiffs responded. The court addresses that motion below.

## Factual Background

According to the Plaintiffs' first amended complaint, the facts are as follows:

> 32. Plaintiff Joshua Ryan Burris (a native of the State of Indiana, and a U.S. citizen) and Hortencia Castillejos ("Ms. Castillejos") (a Mexican national) married on December 13, 2007, in Arlington, Virginia.
>
> 33. On September 16, 2009, Plaintiff Burris filed a Petition for Alien Relative (Form I-130) with the Department of Homeland Security ("DHS") to classify his step-son, Plaintiff Wilfrido Saldana Castillejos – a native of Mexico, born on 2 January 1992 – ("Plaintiff Saldana Castillejos") as an applicant for an immigrant visa. DHS approved the Petition on March 23, 2010. Plaintiffs thereafter completed all of the necessary applications for an immigrant visa, and Plaintiff Saldana Castillejos was scheduled for an immigrant visa interview at the American Consulate in Ciudad Juarez, Mexico, to complete the adjudication of his immigrant visa application.
>
> 34. At the conclusion of an interview, held on January 20, 2012, Defendant Name Unknown denied Plaintiff Saldana Castillejos an immigrant visa. Defendant Name Unknown based the denial on his assertion that Plaintiff Saldana Castillejos

was inadmissible to the U.S. under 8 U.S.C. §1182(a)(3)(A)(ii) (rendering inadmissible "[a]ny alien who a consular officer or the Attorney General knows, or has reasonable ground to believe, seeks to enter the United States to engage solely, principally, or incidentally in – […] unlawful activity….").

35. Plaintiff Saldana Castillejos resided in the United States from on or about 1999 until 2010, during [which] time he was never arrested or charged with a crime. Plaintiff Saldana Castillejos is not and never has been a member of or affiliated with any criminal organization and does not seek to enter the United States to engage solely, principally, or incidentally in any unlawful activity.

36. An immigrant visa may not be denied as a matter of discretion. Instead, a consular officer must determine if an applicant is subject to a ground of exclusion (inadmissibility) set forth in 8 U.S.C. section 1182(a) or 8 U.S.C. 1201(g), and must either issue or refuse the visa. 22 C.F.R. section 42.81. Unless an applicant is ineligible under a specific provision of law, a consular officer may not refuse to issue a visa.

37. On February 9, 2012, Plaintiffs' counsel made a written inquiry into the visa denial.

38. On April 6, 2012, an unidentified official within the visa office of the Department of State advised that Plaintiff Saldana Castillejos had been refused an immigrant visa because Defendant Name Unknown had "found that there is reason to believe that [Plaintiff Saldana Castillejos] is a member of a known criminal organization."

39. "'Reason to believe,'" the April 6 reply from the visa office explained, "refers to more than mere suspicion; it is a probability, supported by the facts, that the alien is a member of an organized criminal entity." Yet in support of Defendant Name Unknown's determination, the April 6 reply from the Department of State Visa Office identified no fact or evidence other than Plaintiff Saldana Castillejos's "numerous tattoos." The April 6 reply from the visa office advised that the denial of the visa would not be overturned, but invited Plaintiffs to furnish any additional, relevant evidence directly to the Consular Post in Ciudad Juarez.

40. On or about August 1, 2012, Plaintiffs' counsel delivered to Defendants additional evidence that Plaintiff Saldana Castillejos is not a member of any criminal organization. That evidence included: (a) certified copies of letters from Dallas County and Collin County officials certifying that no records exist in either of those counties that Plaintiff Saldana Castillejos had ever been arrested or charged with any misdemeanors or felonies; (b) a certification from the judicial authorities of the State of Chiapas, Mexico (where Plaintiff Saldana Castillejos has been residing while in

Mexico) attesting that there is no history of criminal offenses or charges against Plaintiff Saldana Castillejos; and (c) a favorable letter of reference from the Vice-Principal of the high school that Plaintiff Saldana Castillejos attended before departing the United States.

41. The evidence submitted established that: (a) there is no reason to believe that Plaintiff Saldana Castillejos has ties to any gang, as is implied but never articulated by the Defendants by the reliance on Plaintiff's tattoos in denying the immigrant visa; and (b) that there are no reasonable grounds to believe that Plaintiff Saldana Castillejos seeks to enter the United States to engage solely, principally, or incidentally in any unlawful activity.

42. Counsel for Plaintiffs pointed out that the Plaintiffs had by then already been separated – wrongly – for over eight months since Defendants had wrongfully refused to issue the immigrant visa. Counsel for Plaintiffs therefore explained that unless Defendants took remedial action swiftly, Plaintiffs would be forced to seek redress in federal court. Despite the urgency communicated to Defendants, they have failed to respond.

43. Despite their knowledge and receipt of evidence that Plaintiff Saldana Castillejos is not a member of any criminal organization, Defendants have knowingly refused to issue the immigrant visa in derogation of law and in violation of Plaintiffs' constitutional rights. Defendants have engaged in a recalcitrant refusal to follow the law, and have treated Plaintiffs' requests that Defendants remedy their actions with dogmatic indifference.

44. Defendants have engaged, and continue to engage, in objectively unreasonable conduct, in deliberately ignoring the law, and in unlawfully withholding non-discretionary agency action, thereby trampling Plaintiffs' fundamental liberties – protected by the Due Process clause, as well as the First and Ninth Amendments to the Constitution – and causing substantial emotional and economic harm and damages to Plaintiffs. Defendants have refused to correct their wrongful action.

45. Defendant Name Unknown has deliberately ignored the law, has failed to follow governing regulations, and has refused the immigrant visa in defiance of applicable law and regulations. As such Defendant Name Unknown has unlawfully withheld agency action, and continues unlawfully to withhold such action, beyond the scope of his authority. Defendants' actions violate Plaintiffs' rights under the First, Fifth, and Ninth Amendments to the United States Constitution, and are objectively unreasonable under well-settled law.

46. Because Defendants knew or should have known that Mr. Saldana Castillejos was eligible for an immigrant visa, their actions violated Plaintiffs'

constitutional rights under the First, Fifth, and Ninth Amendments of the United States Constitution.

47. Defendants intentionally, maliciously, and recklessly violated Plaintiffs' constitutional rights.

48. Because Defendants acted in clear violation of well-settled law, with scienter, they are not protected by any "good faith" or "official immunity" defenses where Plaintiffs' constitutional rights and claims are concerned.

49. Defendant Name Unknown's violations of Plaintiffs' constitutional rights give rise to a cause of action for damages against this Defendant in his individual capacity, under *Bivens*, *supra*. Because there is no federal statute providing a specific remedy that would preempt 28 U.S.C. section 1331, Defendant Name Unknown's violations of Plaintiffs' constitutional rights also give rise to a claim for monetary damages against Defendant the United States under 28 U.S.C. section 1331. *Bell v. Hood*, 327 U.S. 678 (U.S. 1946) [sic].

PLS. FIRST AMD. COMPL., pp. 6-10, ¶¶ 32-49.[1] The Plaintiffs seek monetary damages as well as declaratory and injunctive relief. The Defendants, however, move to dismiss the Plaintiffs' first amended complaint for lack of subject matter jurisdiction. The Plaintiffs allege that federal jurisdiction arises under (1) the federal question statute, 28 U.S.C. § 1331, (2) the federal mandamus statute, 28 U.S.C. § 1361, (3) the Administrative Procedures Act ("APA"), 5 U.S.C. 701, *et seq.*, (4) the federal declaratory judgment statutes, 28 U.S.C. §§ 2201 & 2202, (5) the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq.*, and (6) *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L. Ed. 2d 619 (1971). The Defendants argue that the doctrine of consular nonreviewability divests the court of subject matter jurisdiction. *See Mendoza v. Clinton*, 2010 WL 5485889, *1 (N.D. Tex. 2010). For the reasons stated below, the court agrees with the Defendants' position.

---

[1]For purposes of this motion, the Defendants do not dispute the factual allegations contained in the Plaintiffs' first amended complaint. *See* DEFTS. MTN. TO DISMISS FIRST AMD. COMPL., p. 4 n.2.

## LEGAL STANDARD

"Under FED.R.CIV.P. 12(b)(1), a case must be dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Dargahifadaei v. Kerry*, 2013 WL 1627887, *2 (N.D. Tex. 2013), citing *Home Builders Assn. of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). "In ruling on a motion to dismiss for lack of subject matter jurisdiction, courts may evaluate: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Id.*, citing *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001), citing *Barrera–Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996). "A court must accept all factual allegations in the plaintiff's complaint as true." *Id.*, citing *HeereMac Vof*, 241 F.3d at 424, citing *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981).

"The burden of establishing subject-matter jurisdiction in federal court is on the party seeking to invoke it." *Id.*, citing *Hartford Ins. Group v. Lou–Con Inc.*, 293 F.3d 908, 910 (5th Cir. 2002). "Accordingly, Plaintiffs must prove that jurisdiction does in fact exist." *Id.*, citing *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980) (citations omitted).

## DISCUSSION AND ANALYSIS

"It is well-settled that decisions of United States consular officials on visa matters are not subject to judicial review." *Mendoza v. Clinton*, 2010 WL 5485889, *1 (N.D. Tex. 2010) citing *Perales v. Casillas*, 903 F.2d 1043, 1046 (5th Cir. 1990); *Mulligan v. Schultz*, 848 F.2d 655, 657 (5th Cir. 1988); *Centeno v. Shultz*, 817 F.2d 1212, 1213 (5th Cir. 1987), *cert. denied*, 484 U.S. 1005, 108 S.Ct. 696, 98 L. Ed. 2d 648 (1988). "This principle, known as the 'doctrine of consular

nonreviewability,' was developed by the courts in recognition of Congressional authority providing consular officials with the power to grant or deny alien visas." *Id*. (footnote omitted), citing *Pedrozo v. Clinton*, 610 F. Supp. 2d 730, 735 (S.D. Tex. 2009), citing *Aggarwal v. Sec. of State*, 951 F. Supp. 642, 647–48 (S.D. Tex. 1996), *aff'd*, 124 F.3d 193 (5th Cir. 1997). Although the Plaintiffs attempt to circumvent this established principle of law by bringing their claims under the APA, the FTCA, *Bivens*, the federal question statute, the declaratory judgment statutes and the federal mandamus statute, "'[s]uch attempts to manufacture subject matter jurisdiction by recasting a complaint have consistently been rejected by the courts.'" *Id*., quoting *Malyutin v. Rice*, 677 F. Supp. 2d 43, 46 (D. D.C. 2009), *aff'd*, No. 10–5015, 2010 WL 2710451 (D.C. Cir. Jul. 6, 2010), *cert. denied* 131 S.Ct. 949 (2011), quoting *Chun v. Powell*, 223 F. Supp. 2d 204, 209–07 (D. D.C. 2002) (remaining citations omitted). Because all of the Plaintiffs' claims arise out of the failure of consular officials to timely issue an immigrant visa, they are barred by the doctrine of consular nonreviewability. *See id*.

The court notes that the Plaintiffs request that the court apply an exception to the doctrine of consular nonreviewability where the denial of a visa is alleged to violate the constitutional rights of a United States citizen. *See Gogilashvili v. Holder*, 2012 WL 2394820, *5 (E.D. N.Y. 2012), citing *Kleindienst v. Mandel*, 408 U.S. 753, 92 S.Ct. 2576, 33 L. Ed. 2d 683 (1972) (remaining citations omitted). "Where the exception applies, a court is empowered to engage[] in a limited review—known as "*Mandel* review"—of the consular officer's denial of the visa." *Id*. (citation omitted). "If, upon such review, the court finds that the consular officer denied the visa 'on the basis of a facially legitimate and bona fide reason, the courts will neither look behind the exercise of discretion, nor test it by balancing its justification against the [constitutional] interests.'" *Id*. (citation

omitted).

Here, Plaintiff Burris, a United States citizen, alleges that the Defendants' denial of Plaintiff Saldana-Castillejos's visa application has denied Plaintiff Burris his procedural and substantive due process rights. The Plaintiffs cite the court to *Bustamante v. Mukasey*, 531 F.3d 1059 (9th Cir. 2008), where the Ninth Circuit held that the plaintiff's protected interest in her marriage raised constitutional issues entitling her to *Mandel* review. *Id*. at n.6. The holding in *Bustamante*, however, is not binding on this court. *See id*. Regardless, for the reasons stated below, the court need not address whether the Plaintiffs identified any cognizable constitutional right implicated by the consular official's actions. *See id*. at *6.

Presuming, however, the Plaintiffs alleged a valid constitutional right of the citizen Plaintiff (Burris), the Plaintiffs failed to allege facts that would survive the limited *Mandel* review.[2] *See id*. "If the basis for the consular officer's decision is facially legitimate and bona fide, the Court will not look behind his exercise of discretion to deny the reconsideration." *Id*. (citation omitted). "'[I]dentification of both a properly construed statute that provides a ground of exclusion and the consular officer's assurance that he or she 'knows or has reason to believe' that the visa applicant has done something fitting within the proscribed category constitutes a facially legitimate reason.'" *Id*. (citation omitted). When both of these requirements are met, the court must "'take literally the statement in *Mandel* that courts may not 'look behind' exclusion decisions;' a court may not engage in [an] evidentiary inquiry as to 'the consular officer's decision that a statutory ground of inadmissibility applies to the visa applicant, at least in the absence of a well supported allegation of

---

[2]The court conducts its analysis pursuant to FED. R. CIV. P. 12(b)(6), *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 562 (2007), and *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

bad faith, which would render the decision not bona fide.'" *Id*. (citation omitted).

Here, the Defendants identified the basis of their denial of the application as 8 U.S.C. § 1182(a)(3)(A)(ii) because the consular officer had reason to believe that Saldana-Castillejos sought to enter the United States to engage solely, principally, or incidentally in unlawful activity. *See id*. at *7. The Defendants offered a reason to believe that Saldana-Castillejos did something fitting within this proscribed category, namely, that he has numerous tattoos, some of which are consistent with gang membership and a history of drug use. *See id*. Since the Plaintiffs have not disputed that the alleged misrepresentation, if true, would provide proper grounds for exclusion under the relevant statute, the court concludes that, based on the allegations contained in the first amended complaint, the Defendants have offered a facially legitimate reason for denial. *See id*.

The Plaintiffs allege that the Defendants relied on an obviously arbitrary stereotype to deny the immigrant visa. The Plaintiffs contend that the Defendants' denial of Saldana-Castillejos's visa application was neither facially legitimate nor bona fide but, rather, was made in bad faith because no reasonable person could believe that Saldana-Castillejos has any criminal associations or intends to enter the United States to commit crimes. Although a court may review a denial made in bad faith, the Plaintiffs "must offer a 'well supported' allegation of bad faith to be entitled to an evidentiary inquiry." *Id*. (citation omitted). The Plaintiffs have failed to plead a well supported allegation of bad faith. Merely alleging bad faith is not a well-supported allegation of the same. *See id*. As such, this court is precluded from proceeding further. *See id*.

### Conclusion

Based on the foregoing, "Defendants' motion to dismiss for lack of subject matter jurisdiction" (docket entry# 18) is **DENIED AS MOOT**. Defendants' motion to dismiss Plaintiffs'

first amended complaint for lack of subject matter jurisdiction (docket entry #21) is hereby **GRANTED**.

IT IS SO ORDERED.

**SIGNED this the 26th day of March, 2014.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE